STATE v. MACEO PUGH.

(Filed 13 March, 1929.)

**Indictment—Issues, Proof, and Variance—Nonsuit.**

> Where the bill of indictment for larceny and receiving charges ownership of the property as that of a person named therein and as to such owner there is no evidence, the defendant's motion to dismiss as in case of nonsuit should be allowed for failure of proof.

APPEAL by defendant from *Nunn, J.,* at January Term, 1929, of LENOIR.

DICKEY *v.* R. R.

Criminal prosecution tried upon an indictment charging the defendant and another with larceny and receiving.

Verdict: Guilty.

Judgment: Six months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Shaw & Jones for defendant.*

STACY, C. J. The bill of indictment charges the defendant and another with the larceny of "334 pounds of leaf tobacco, of the value of $58.97, the goods and chattels of L. B. Jenkins Company," and with receiving same knowing it to have been feloniously stolen or taken in violation of C. S., 4250. There is no evidence on the record tending to show that the tobacco, if stolen or received with knowledge of its larceny by another, was the property of L. B. Jenkins Company. *S. v. Haddock,* 3 N. C., 162. Proof of the *corpus delicti,* therefore, is wanting, or the crime as charged is not supported by the evidence. Hence, the defendant's motion to dismiss or for judgment as in case of nonsuit should have been allowed. Allegation without proof is unavailing. *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14.

Reversed.