STATE v. CHARLIE PHILLIPS.

(Filed 26 March, 1947.)

**1. Homicide § 25—**

Evidence that defendant shot and killed his wife in culmination of family discord occasioned by his infidelity and bigamous marriage to another woman, together with evidence of the absence of powder burns and location of the fatal wound negating an inference that it was self-inflicted, *held* sufficient to be submitted to the jury on question of defendant's guilt of murder in the first degree.

**2. Criminal Law § 52a—**

The fact that the State offers in evidence testimony of statements made by defendant, any one of which standing alone might exculpate, does not justify nonsuit when proof of the State's case does not rest solely upon such statements, but to the contrary the fact that the defendant made a multiplicity of inconsistent and contradictory statements is an incriminating circumstance against him.

**3. Homicide § 20—**

Where the State's case tends to show that defendant husband killed his wife in culmination of family discord, testimony relating to a prior bigamous marriage by defendant is competent as a link in the chain of circumstantial evidence tending to show motive.

**4. Criminal Law § 30—**

Where testimony of a witness as to her bigamous marriage with defendant is competent, the complaint filed by her in an action to annul the marriage is competent for the purpose of corroborating her testimony. G. S., 1-149.

**5. Criminal Law § 81b—**

The burden is on appellant to show that alleged error was prejudicial.

APPEAL by defendant from *Burgwyn, Special Judge,* at September Term, 1946, of HARNETT.

Criminal prosecution on bill of indictment charging the capital felony of murder.

During the early afternoon of Sunday, 18 August, 1946, defendant and his wife, the deceased, were in their home alone. The doors were closed and the radio was going "at a loud blast." A pistol shot was heard by neighbors. About ten or fifteen minutes later defendant came out of his back door, said that his wife had shot herself, and went off to notify others. The body was found on the bed. There was a pistol-shot wound in the anterior part of the right arm about midway between the elbow and shoulder and in the right side at the anterior axillary line above the right breast at the level of the fourth rib. The bullet ranged downward and to the back, the exit wound being 2½ to 3 inches to the left of the backbone, below the scalpus, at the level of the eighth rib. No powder burns were found.

There was a verdict of guilty of murder in the first degree. The court pronounced judgment of death. Defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Charles Ross and Neill McK. Salmon for defendant, appellant.*

BARNHILL, J. The defendant offered no testimony. At the conclusion of the evidence of the State his demurrer to the evidence was overruled and he excepted. By this exception he now challenges the sufficiency of the evidence offered.

The record is filled with evidence of family discord, assaults, threats, and infidelity of defendant. Detailed repetition would serve no useful purpose. In addition, the testimony tends to show that several weeks prior to the homicide defendant endeavored to buy a pistol; the week before the homicide he borrowed from a friend the pistol with which the deceased was killed; in 1945 he contracted a bigamous marriage with a woman in Raleigh; his wife learned of this marriage, which became the cause of dissension between them; he stated he had gotten rid of his Raleigh wife and "I'm going to get rid of the other one, I don't need any woman in my business"; and after the shooting he made conflicting statements as to how the homicide occurred. Furthermore, the location of the wound and the absence of powder burns tend to negative the inference the wound was self-inflicted.

Thus it appears there was evidence sufficient to require the submission of the cause to the jury on the capital charge of murder in the first degree. Its probative force was for the jury.

*S. v. Watts,* 224 N. C., 771, 32 S. E. (2d), 348; *S. v. Todd,* 222 N. C., 346, 23 S. E. (2d), 47, and other decisions to like effect do not compel a contrary conclusion. It is true the State offered evidence of a number of statements made by defendant, either one of which, standing alone, may tend to exculpate. But its case does not rest entirely on such statements. Indeed the multiplicity of inconsistent, contradictory statements made by defendant is an incriminating circumstance to which, no doubt, the jury gave considerable weight.

The testimony of the Raleigh woman, innocent party to the bigamous marriage, was a proper link in the chain of circumstances tending to show motive. The complaint filed by her in an action to annul the biga- mous contract of marriage was not offered "against the party as proof of a fact admitted or alleged in it." G. S., 1-149; *S. v. McNair,* 226 N. C., 462. Only that part thereof which tended to corroborate the witness was admitted. The error, if any, was harmless. In any event, its contents are not made to appear. Hence no prejudicial error is disclosed.

A careful examination of the other exceptive assignments of error discussed in defendant's brief fails to disclose cause for disturbing the verdict.

In the trial below we find

No error.