## STATE v. C. S. BRADY.

(Filed 6 May, 1953.)

**1. Receiving Stolen Goods § 1a—**

The crime of receiving stolen goods, though it presupposes larceny, does not include larceny, and the two offenses are separate and distinct.

**2. Same—**

The elements of the offense of receiving stolen goods are the receiving or aid in concealing goods which had been stolen by some person other than the accused, with knowledge by the accused that they had been stolen, and retention of possession or concealment by him of such goods with a dishonest purpose.

**3. Receiving Stolen Goods § 3—**

In a prosecution for receiving stolen goods, the only purpose of requiring the ownership of the goods to be stated in the indictment is to negative ownership in the accused, and it is not necessary that the indictment state the names of those from whom the goods were stolen.

**4. Indictment and Warrant § 9—**

An indictment is sufficient if it expresses the charge against the defendant in a plain, intelligible, and explicit manner, and it will not be held insufficient for mere informality or minor defects which do not affect the merits of the case. G.S. 15-153.

**5. Receiving Stolen Goods § 6—Nonsuit for variance held properly denied.**

The bill of indictment charged defendant with feloniously receiving described merchandise, the goods of "Tom Harris and other persons," knowing them to have been feloniously stolen. The proof tended to show that defendant received with guilty knowledge the items of merchandise enumerated in the indictment which had been stolen from certain identified stores, but there was no proof that any of the merchandise had been owned by Tom Harris. *Held:* Defendant's motion to nonsuit for variance was properly overruled, since proof that the articles had been stolen from the named stores supports the allegation of the indictment that the goods had been stolen from "other persons," and the prosecution would be a bar to any subsequent prosecution for receiving these particular goods.

**6. Criminal Law §§ 42f, 52a (4)—**

The introduction by the State of testimony of an exculpatory statement made by defendant does not preclude the State from showing from other facts or circumstances that the exculpatory statement was false, and when the State introduces other evidence sufficient to raise a reasonable inference to that effect, the exculpatory statement does not justify nonsuit.

**7. Receiving Stolen Goods § 7—**

In a prosecution for receiving stolen goods, an instruction which fails to charge the jury that it must find that the receiving was with felonious intent must be held for reversible error notwithstanding that the inadvertence was a mere *lapsus linguae.*

APPEAL by defendant from *Pless, J.,* September Term, 1952, of RICHMOND.

Criminal prosecution upon an indictment charging the defendant with receiving stolen goods, knowing them to have been stolen.

The evidence discloses that D. W. Watkins, age 17, Clarence Berton, age 16, and Bobby Bullard, age 15, stole various and sundry articles of merchandise from different stores in Wadesboro, Rockingham, and Hamlet. These articles included watches, bullets, knives, a radio, fountain pens, a camera, a handkerchief, cigarette lighters, a pencil sharpener, fishing supplies, a rod and reel, etc. These boys testified that they first tried to sell the defendant a part of this merchandise, but were unsuccessful. They then took all the articles to his place of business. The defendant asked them if the articles were "hot." One of the boys said: "It don't feel hot to me." Then one of them said it had been in the back of the car in the sun. The defendant said he didn't want to buy "nothing that was stolen." They tried to sell the articles separately to the defendant. He refused to buy them separately, but offered $15.00 for all of them. The boys wanted $25.00, but finally agreed to take $20.00, and the defendant paid them that amount.

The evidence also discloses that these boys called the defendant's attention to the price tags on the boxes and told him those were the prices he would have paid had he bought the articles himself. The Watkins boy had frequently visited the defendant's pool room which is located on U. S. Highway No. 74, west of Rockingham, where he played pool and bought chances on punchboards. And on one occasion, when his money ran out, he had pawned his pocketknife to the defendant.

The Sheriff of Richmond County testified that when he inquired of the defendant as to whether or not he had purchased the merchandise in question from Watkins and others, he admitted that he had done so. But said he "didn't know the stuff was stolen."

The State offered evidence tending to show that the reasonable market value of the merchandise purchased by the defendant was worth from $125.00 to $150.00.

The defendant offered no evidence in the trial below but moved for judgment as of nonsuit at the close of the State's evidence. The motion was denied.

Verdict: Guilty.

Judgment: Two years imprisonment in the common jail of Richmond County, to be assigned to work on the roads under the supervision of the State Highway and Public Works Commission. The defendant appeals, assigning error.

*Pittman & Webb, John T. Page, Jr., and Hugh A. Lee for defendant, appellant.*

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

DENNY, J.   The bill of indictment charged the defendant with feloniously receiving "watches, fishing reel, fountain pens, a camera, and other personal property of the value of more than $100.00, . . . the goods . . . of Tom Harris and other persons," knowing them to have been feloniously stolen.

The defendant contends that since the State did not show that Tom Harris was the owner of any of the stolen property and did not state in the bill of indictment the names of the owners of the various stores in Wadesboro, Rockingham, and Hamlet, from which the goods were stolen, that there is a variance between the indictment and the proof, and his motion to dismiss as of nonsuit should have been allowed.

The appellant is relying on the case of *S. v. Pugh*, 196 N.C. 725, 147 S.E. 7, in which the bill of indictment charged the defendant and others with the larceny of "334 pounds of leaf tobacco, of the value of $58.97, the goods and chattels of L. B. Jenkins Company," and with receiving same knowing it to have been feloniously stolen or taken in violation of C.S. 4250 (now G.S. 14-71).   The State offered no evidence tending to show who owned the tobacco.   The jury returned a verdict of guilty and upon appeal this Court held that the crime as charged was not supported by the evidence and reversed the court below in its refusal to sustain the motion for judgment as of nonsuit.   However, an examination of the original record discloses that Pugh was convicted of larceny.   And it is the law with us that where a bill of indictment charges larceny and receiving, a verdict of guilty of larceny is tantamount to an acquittal on the charge of receiving.   *S. v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725. Moreover, the case of *S. v. Haddock*, 3 N.C. 162, cited as authority for the holding in *S. v. Pugh, supra*, was one in which the defendant was only charged with larceny.   There the Court held that an "indictment should state in whom the property was, or that it was the property of some person unknown; otherwise, he could not plead in bar to another indictment for the same case."

The crimes of larceny and of receiving stolen goods, knowing them to have been stolen, are separate and distinct offenses.   And it seems to be uniformly held that an indictment for larceny must state whose property was stolen, or that it is the property of some person or persons unknown. However, receiving stolen property is a "sort of secondary crime based upon a prior commission of the primary crime of larceny.   It presupposes, but does not include, larceny.   Therefore the elements of larceny

are not elements of the crime of receiving." *S. v. Martin,* 94 Wash. 313, 162 P. 356. And in Wharton's Criminal Evidence, 10th Edition, Volume 1, section 325b, page 643, the essential elements of the crime of receiving stolen goods which must be proven, are stated as follows: "(a) The stealing of the goods by some other than the accused; (b) that the accused, knowing them to be stolen, received or aided in concealing the goods, and (c) continued such possession or concealment with a dishonest purpose." See also Burdick, Law of Crime, Volume 2, section 610, page 437.

The only reason for requiring the ownership of stolen property to be stated in an indictment for receiving stolen goods, is to negative ownership in the accused. *S. v. Bading,* 236 Iowa 468, 17 N.W. 2d 804.

In the indictment under consideration the goods are described and are stated to have belonged to Tom Harris and others. It is true there is no evidence that any of the goods were stolen from Tom Harris, but the State did offer evidence to the effect that they were stolen from various stores in Wadesboro, Rockingham, and Hamlet, and were sold to the defendant by Watkins, Berton and Bullard. These boys were witnesses for the State and testified and identified the articles sold to the defendant as being the same articles which they stole from the various stores in the above towns. The defendant could plead this indictment and the testimony of the State in bar of any further prosecution for the receiving of these particular goods.

The Supreme Court of California in considering this question, in the case of *People v. Smith,* 26 Cal. 2d 854, 161 P. 2d 941, had this to say: "The crime of receiving stolen goods consists of either buying or receiving personal property with knowledge that it has been stolen. . . . The gist of the offense is the purchase or receipt of the stolen goods with guilty knowledge but the particular ownership of the goods is not an element of the crime. Neither the legal nor moral character of the act is affected in any way by the fact that the stolen property may have belonged to several persons rather than to a single person. The crimes of larceny and of receiving stolen goods are separate and distinct. . . ."

While it would have been better, perhaps, if the indictment had stated the names of the owners of the stores from which the goods described in the bill of indictment were stolen, if known, and if not, to have so stated. However, in view of our statute, G.S. 15-153, and the decisions of this Court, we think the indictment and proof challenged for variance are sufficient to withstand the motion interposed. G.S. 15-153 provides: "Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon

stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment." In light of the provisions of this statute, it is the practice with us not to sustain motions to quash bills of indictment for mere informality or minor defects which do not affect the merits of the case. *S. v. Loesch, ante,* 611; *S. v. Stone,* 231 N.C. 324, 56 S.E. 2d 675; *S. v. Camel,* 230 N.C. 426, 53 S.E. 2d 313; *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604; *S. v. Hardee,* 192 N.C. 533, 135 S.E. 345; *S. v. Ratliff,* 170 N.C. 707, 86 S.E. 997. The following authorities in other jurisdictions hold that an indictment for receiving stolen goods is not required to state the ownership of the stolen property. *S. v. Cohen* (Mo. Supreme Court, 1936), 100 S.W. 2d 544; *S. v. Park,* 322 Mo. 69, 16 S.W. 2d 30; *People v. Marino,* 271 N.Y. 317, 3 N.E. 2d 439, 105 A.L.R. 1283; *Cohen v. United States,* 277 F. 771; *Woodruff v. State,* 56 Okla. Cr. 409, 41 P. 2d 129; *White v. State,* 23 Okla. Cr. 198, 214 P. 202; *People v. Lima* (Cal. App. 1944), 146 P. 2d 261; *Dixon v. State,* 223 Ind. 521, 62 N.E. 2d 629; *People v. Smith, supra; State v. Martin, supra.* These opinions hold to the contrary: *Stanford v. State,* 137 Tex. Cr. R. 33, 127 S.W. 2d 911; *S. v. Robinson,* 74 Ore. 481, 145 P. 1057; *People v. Nakutin,* 364 Ill. 563, 5 N.E. 2d 78.

The defendant further contends that since the State offered the exculpatory statement made by him to the Sheriff of Richmond County when he made inquiry as to whether the defendant had purchased the goods in question from Watkins and others, it is bound thereby and his motion to nonsuit should have been allowed.

The State by offering exculpatory statements, is not precluded from showing the facts were different. While an exculpatory statement, standing alone, is binding on the State, the State is still free to contradict or show from other facts or circumstances the statement to be false or to raise a reasonable inference to that effect and thereby make out a case for the jury. *S. v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *S. v. Phillips,* 227 N.C. 277, 41 S.E. 2d 766; *S. v. Hendrick,* 232 N.C. 447, 61 S.E. 2d 349; *S. v. Hovis,* 233 N.C. 359, 64 S.E. 2d 564; *S. v. Bright, ante,* 475, 75 S.E. 2d 407.

We think the evidence adduced in the trial below was sufficient to make out a case for the jury, and we so hold.

The defendant excepts to the following portion of the charge to the jury: "It is admitted by the defendant that he did receive the property, it is not contested that the property was stolen, but that alone is not sufficient to establish the guilt of the defendant. The question submitted to you and the only question that is disputed between the parties is whether or not the defendant knew at the time of receiving the property

that it had been stolen. If, upon consideration of the evidence offered by the State, all of the circumstances and surroundings, if you find, and find beyond a reasonable doubt, that the defendant knew that it was stolen, and that he received it with that knowledge, then, lady and gentlemen, he would be guilty, and it would be your duty to render a verdict of guilty. On the other hand, if, after considering the State's evidence, you have a reasonable doubt of the knowledge of the defendant that the property was stolen, then he would be entitled to the benefit of that reasonable doubt, and it would be your duty to render a verdict of not guilty."

It will be observed that the indictment charges the defendant with "feloniously" receiving stolen goods, knowing them to have been stolen. But the charge fails to instruct the jury that it must find that the receiving was with felonious intent. This was error and entitles the defendant to a new trial. *S. v. Yow,* 227 N.C. 585, 42 S.E. 2d 661; *S. v. Morrison,* 207 N.C. 804, 178 S.E. 562; *S. v. Eunice,* 194 N.C. 409, 139 S.E. 774.

The omission pointed out was certainly an inadvertence or *lapsus linguae* on the part of the able judge presiding in the court below. Or, as stated by the late *Chief Justice Stacy,* in the case of *S. v. Kline,* 190 N.C. 177, 129 S.E. 417, it is "one of those casualties which may befall the most circumspect in the trial of a cause on the circuit." Even so, this does not preclude the possibility of its harmful effect.

For the reason stated, the defendant is awarded a
New trial.