STATE OF NORTH CAROLINA v. DONALD TRUESDALE
AND GARY A. GARRETT

No. 7221SC152

(Filed 23 February 1972)

1. Criminal Law § 26; Indictment and Warrant § 14— appeal from district court — trial upon warrants — indictments returned — motion to quash

The superior court did not err in refusing to quash on the ground of double jeopardy indictments which were inadvertently sent to the grand jury when defendants appealed from their district court convictions of nonfelonious receiving of stolen property, where the State did not proceed in the superior court under the indictments but tried defendants upon the warrants on which they were tried in the district court, defendants not being placed twice in jeopardy by the mere existence of the indictments.

2. Receiving Stolen Goods § 2— sufficiency of warrant

Warrants were sufficient to charge defendants with the crime of receiving stolen property.

State v. Truesdale

3. **Indictment and Warrant § 12— receiving stolen property — appeal from district court — amendment of warrant — ownership of property**

Upon defendants' appeal from conviction in the district court, the superior court did not err in allowing the State's motion to amend warrants for receiving stolen goods by placing the words "James Cathey, Jr. and Robert M. Sauls, Trading as" after the words "the property of" and prior to the words "Man-Trap Wigs," since the original warrants charged all the essential elements of the offense of receiving stolen goods, and the amendment describing ownership of the property in more detail did not change the offense with which defendants were charged.

4. **Criminal Law § 43— photographs of defendants — illustrative purposes**

In this prosecution for receiving stolen property, photographs of defendants were properly admitted for the limited purpose of illustrating the testimony of witnesses.

5. **Receiving Stolen Goods § 5— sufficiency of evidence**

The State's evidence was sufficient for the jury in this prosecution for receiving stolen property.

APPEAL by defendants from *Godwin, Special Judge,* 26 July 1971 Criminal Session of FORSYTH Superior Court.

The defendant Donald Truesdale was arrested under a warrant issued on 26 January 1971 charging in substance that:

"The undersigned, J. C. Hassell, being duly sworn, complains and says that at and in the County named above and on or about the 25th day of January, 1971, the defendant named above did unlawfully, wilfully, receive and have in his possession certain property, to wit: one human hair fall and four synthetic wigs of the value of $142.70, *the property of* Man-Trap Wigs, Parkway Plaza Shopping Center, Winston-Salem, N. C., he the said Donald Truesdale then and there well knowing the said property to have been feloniously stolen or taken under circumstances amounting to larceny.

The offense charged here was committed against the peace and dignity of the State and in violation of law GS 14-71." (Emphasis supplied.)

The defendant Gary A. Garrett was also arrested and charged under a warrant using language identical to that above. At trial in district court, defendants' motion to quash the warrants was denied. Defendants pleaded not guilty and appealed to the superior court from a judgment entered on a verdict of guilty.

The State's motion to amend the warrants was allowed and the words "James Cathey, Jr. and Robert M. Sauls, Trading as" were inserted after the phrase "the property of" in the above mentioned warrants. The language of the warrants was in no other way changed. At trial in superior court, the defendants again entered pleas of not guilty and the jury found them guilty. The judgments as entered by the court read in part that the jury found defendants "guilty of the offense of RECEIVING STOLEN GOODS OF THE VALUE OF NOT MORE THAN TWO HUNDRED DOLLARS, KNOWING THEM TO HAVE BEEN STOLEN, which is a violation of GS 14-71 and punishable as provided in GS 14-72, and of the grade of misdemeanor;". Defendants appealed from the judgments and prison sentences imposed.

*Attorney General Morgan by Associate Attorney Price for the State.*

*Annie Brown Kennedy for defendant appellants.*

MORRIS, Judge.

[1]    Appellants were tried in district court on the warrants, were found guilty and appealed to the superior court. From the record it appears that the State inadvertently sent bills of indictment to the grand jury but announced in open court "that the State does not propose to proceed under the bill of indictment, but rather under the warrant on which the defendant was tried in the District Court of this county . . . " Appellants assign as error the denial of a motion to quash the bills of indictment, alleging that their mere existence puts them in jeopardy twice for the same offense. A plea of former jeopardy is not a plea to the indictment but is a plea in bar to the prosecution which poses an inquiry into what action the court has taken on a former occasion. *State v. Davis,* 223 N.C. 54, 25 S.E. 2d 164 (1943) ; 2 Strong, N.C. Index 2d, Criminal Law § 26, pp. 515-524. Double jeopardy would not attach until such time as defendant was placed on trial for the same offense a second time. *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838 (1962). Therefore, no prejudice has been shown. This assignment of error is overruled.

[2]    Appellants also assign as error the superior court's denial of its motion to quash the warrants which charged them with receiving stolen property worth $142.70 "in violation of law

State v. Truesdale

G.S. 14-71." The warrant sufficiently charged all the essential elements of the offense of receiving and adequately apprised the appellants of the offense with which they were charged.

[3] Appellants' next assignment of error is directed to the court's allowing the State's motion to amend the warrants to read "property of James Cathey, Jr. and Robert M. Sauls, Trading as Man-Trap Wigs." Judge Parker has said in *State v. Thompson*, 2 N.C. App. 508, 163 S.E. 2d 410 (1968), that:

> "As a general proposition the superior court, on an appeal from an inferior court upon a conviction of a misdemeanor, has power to allow an amendment to the warrant, provided the charge as amended does not change the offense with which defendant was originally charged. *State v. Fenner*, 263 N.C. 694, 140 S.E. 2d 349; *State v. Wilson*, 227 N.C. 43, 40 S.E. 2d 449." At p. 512.

The original warrants, prior to amendment, charged all the essential elements of the offense of receiving stolen goods. *State v. Brady*, 237 N.C. 675, 75 S.E. 2d 791 (1953). Ownership of the stolen property was stated in the warrants merely to negative any ownership in the accused. *State v. Davis*, 253 N.C. 224, 116 S.E. 2d 381 (1960). We have previously held that it is not necessary that the warrant or indictment in a prosecution for receiving stolen goods state the names of those from whom the goods were stolen. *State v. McClure*, 13 N.C. App. 634, 186 S.E. 2d 609 (1972); *State v. Brady, supra.* Amending the warrants later to describe ownership of the property in more detail in no way changed the offense with which the appellants were charged. This assignment of error is overruled.

[4] Appellants excepted to the introduction of one photograph into evidence and objected to the use of another photograph. The photographs of the appellants were properly identified and entered into evidence for the purpose of illustrating the testimony of witnesses if the jury should find that they did illustrate the witness' testimony and the jury was so instructed. *State v. McKissick*, 271 N.C. 500, 157 S.E. 2d 112 (1967); *Smith v. Dean*, 2 N.C. App. 553, 163 S.E. 2d 551 (1968). This assignment of error is overruled.

[5] Defendants' remaining assignments of error challenge the sufficiency of the evidence to go to the jury and support a ver-

dict. When the evidence is considered in the light most favorable to the State, there is ample evidence to submit the case to the jury, nor was error committed when the trial tribunal refused to set the verdict aside and grant a new trial.

Defendants were well represented by counsel of their choice. In a trial free from prejudicial error, the jury refused to accept defendants' contentions.

No error.

Judges CAMPBELL and PARKER concur.