STATE OF NORTH CAROLINA v. WILLIE FRANK McCLURE

No. 7218SC146

(Filed 23 February 1972)

**1. Criminal Law § 146— appeal from guilty plea**
    An appeal from a plea of guilty presents for review only the question whether error appears on the face of the record proper.

**2. Larceny § 4— defect in larceny count — judgment not imposed thereon**
    Defect in the first count of an indictment charging felonious larceny is immaterial where defendant pled guilty only to the offense charged in the second count of the indictment, receiving stolen property, and no judgment was imposed on the offense of larceny charged in the first count.

**3. Receiving Stolen Goods § 2— indictment — persons from whom goods stolen**
    It is not essential that an indictment for receiving stolen goods state the name of those from whom the goods were stolen.

APPEAL by defendant from *Blount, Judge,* 6 September 1971 Session of Superior Court held in GUILFORD County.

In three separate bills of indictment defendant was charged as follows:

In Case No. 71CR31081 defendant was charged with a felonious assault with a deadly weapon, to wit: a pistol, inflicting serious injuries upon Janette Lee Smith.

In Case No. 71CR31082 defendant was charged with a felonious assault with a deadly weapon, to wit: a pistol, with felonious intent to kill, inflicting serious injuries upon Eddie B. Little.

In Case No. 71CR38916 defendant was charged in two counts with: (1) felonious larceny of property of the value of $300.00; and (2) receiving stolen property of the value of $300.00, knowing the same to have been feloniously stolen.

Defendant, represented by court-appointed counsel, was brought to trial on his plea of not guilty in Case No. 71CR31082. Evidence was presented by the State and by the defendant. At the close of defendant's evidence and in the absence of the jury, defendant, through counsel, withdrew his plea of not guilty, and tendered a plea of guilty to the lesser included offense of assault with a deadly weapon inflicting serious injury. At the same time, in Case No. 71CR31081 defendant tendered a plea of guilty to the lesser included offense of assault with a deadly weapon. In Case No. 71CR38916 defendant tendered a plea of guilty to the offense of receiving stolen property of the value of not more than $200.00, knowing the same to have been feloniously stolen, a lesser degree of the offense charged in the second count of the bill of indictment in that case. Before approving acceptance of the pleas, the trial judge carefully examined defendant as to whether the pleas in all three cases had been made voluntarily and with full understanding by the defendant. Defendant also signed and swore to a written transcript of the pleas. The trial judge thereupon adjudged that defendant's pleas of guilty were freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. The judge ordered the transcript of the pleas and his adjudication to be filed and recorded, and ordered the pleas of guilty to be entered in the record.

State v. McClure

The three cases were consolidated for purposes of judgment, and judgment was entered sentencing defendant to prison for a term of not less than four nor more than five years. From this judgment, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Eugene Hafer for the State.*

*Assistant Public Defender D. Lamar Dowda for defendant appellant.*

PARKER, Judge.

[1] Since defendant pleaded guilty, this appeal presents for review only the question whether error appears on the face of the record proper. *State v. Roberts,* 279 N.C. 500, 183 S.E. 2d 647. None does, and defendant's counsel so concedes.

[2, 3] The brief of the Attorney General points out that the first count in the bill of indictment in Case No. 71CR38916, which charged the offense of felonious larceny, was defective in that it failed to allege the name of the owner of the property stolen, citing *State v. McKoy,* 265 N.C. 380, 144 S.E. 2d 46. This defect, however, is immaterial, since defendant did not plead guilty and no judgment was imposed with respect to the offense charged in the first count of that bill. In that case he pleaded guilty only to the offense charged in the second count of the bill, receiving stolen property knowing the same to have been stolen. In a prosecution for receiving stolen goods, it is not essential that the indictment state the names of those from whom the goods were stolen. *State v. Brady,* 237 N.C. 675, 75 S.E. 2d 791.

We have carefully examined the entire record and find

No error.

Chief Judge MALLARD and Judge MORRIS concur.