STATE OF NORTH CAROLINA v. ROGER SNIPES

No. 7215SC622

(Filed 25 October 1972)

1. **Criminal Law § 23— plea of guilty**
      Defendant's appeal from sentence imposed upon entry of his guilty plea presented for review only the question whether the facts charged constituted an offense punishable under the laws and constitution.

2. **Assault and Battery § 5— assault with a deadly weapon — punishable offense**
      Where defendant was charged with discharging a firearm into a vehicle and the evidence tended to show that he did fire at a vehicle, but none of the shotgun pellets penetrated into the interior of the vehicle, the facts shown were sufficient to constitute the punishable offense of assault with a deadly weapon.

APPEAL by defendant from *Godwin, Judge,* 4 April 1972 Criminal Session of ALAMANCE Superior Court.

An indictment was returned charging defendant Roger Snipes with the offense of discharging a firearm into a vehicle, a felony prohibited by G.S. 14-34.1. A jury was empaneled and trial begun. The State's evidence tended to show that none of the shotgun pellets penetrated into the interior of the vehicle, and, there being some question as to the meaning of the word "into" used in G.S. 14-34.1, the solicitor accepted a plea of guilty of assault with a deadly weapon, a misdemeanor prohibited by G.S. 14-33(c)(2). Indictment on the misdemeanor charge was waived by defendant and his attorney.

Before accepting the guilty plea the trial court examined the defendant, finding that he was represented by appointed counsel, and that the plea of guilty was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Defendant was sentenced to imprisonment for two years.

The evidence tended to show that on 31 January 1972 defendant and a group of his friends had had an argument with two Thompson brothers and a group of their friends concerning the sister of a member of the Thompson group. Sometime thereafter on that day, a gunshot was fired from a blue automobile at the automobile in which defendant and his friends were riding. Defendant believed that one of the Thompson brothers or a member of that group fired the shot.

Later that evening Sylvia Jeanette Thompson Williams (sister of the Thompson boys) was driving an automobile belonging to her brother, Jerry Thompson, in which there were two passengers. She was following a blue automobile in which her two brothers and two of their friends were riding.

As Mrs. Williams and the Thompson group were traveling along Rauhut Street in Burlington, the defendant fired a 12 gauge shotgun and hit the car Mrs. Williams was driving. Buckshot hit below the left front window of the automobile, scratching the paint and breaking the chrome trim on the car door.

The defendant testified that he aimed the shotgun at, and intended to hit, the blue car in front of Mrs. Williams; that he did not intend to kill anyone, just scare them.

*Attorney General Robert Morgan by Associate Attorney Charles A. Lloyd for the State.*

*W. R. Dalton, Jr., for defendant appellant.*

CAMPBELL, Judge.

The superior court has jurisdiction to try a misdemeanor to which a plea of guilty or nolo contendere is tendered in lieu of a felony charge. G.S. 7A-271(a)(4).

G.S. 15-140 provides that "[i]n any criminal action in the superior court where the offense charged is a misdemeanor, the defendant may waive the finding and return into court of a bill of indictment. If the defendant pleads not guilty, the prosecution shall be on a written information, signed by the solicitor, which information shall contain as full and complete a statement of the accusation as would be required in an indictment. No waiver of a bill of indictment shall be allowed by the court unless by the consent of the defendant's counsel . . . . "

When the offense charged is a misdemeanor and defendant's plea is not guilty, the requirements for a waiver of indictment and trial upon an information signed by the solicitor are the same as in "noncapital" felony cases under G.S. 15-140.1. Although the statute (G.S. 15-140) does not require trial on an information signed by the solicitor when the defendant pleads guilty to a misdemeanor, "[n]otwithstanding, whether the plea be guilty or not guilty, in all cases the better practice is the preparation of an information." *State v. Bethea,* 272 N.C. 521, 158 S.E. 2d 591 (1968).

[1] The defendant having entered a plea of guilty to a valid information upon waiver of indictment, this appeal brings up for review only the question whether the facts charged constitute an offense punishable under the laws and constitution. *State v. Hodge* and *State v. White,* 267 N.C. 238, 147 S.E. 2d 881 (1966). Appeal upon conviction following a guilty plea presents for review only the question whether error appears on the face of the record proper. *State v. McClure,* 13 N.C. App. 634, 186 S.E. 2d 609 (1972).

[2] The facts charged in the instant case constitute a punishable offense. *State v. Tripp,* 9 N.C. App. 518, 176 S.E. 2d 892 (1970). Defendant's waiver of indictment was properly

made; he was charged under a valid information, and his plea of guilty was knowingly and voluntarily made. The punishment is within the limit authorized by statute.

No error.

Judges MORRIS and PARKER concur.