State v. Golden

━━━━━━━━━

STATE OF NORTH CAROLINA v. CARL GOLDEN

No. 7328SC791

(Filed 9 January 1974)

**Receiving Stolen Goods § 5— owner of stolen property — variance between indictment and proof**

In a prosecution for receiving stolen property, there was no fatal variance between indictment and proof where the indictment charged that the property belonged to the Asheville City Board of Education and the evidence showed only that the property had been stolen from a certain school but failed to show that it belonged to the Board of Education, since there is no necessity for allegation and proof as to the owner other than to negative ownership in the defendant.

APPEAL by defendant from *Harry Martin, Judge,* 21 May 1973 Criminal Session BUNCOMBE Superior Court.

Defendant was tried upon a bill of indictment, in proper form, charging the felony of receiving stolen goods, a violation of G.S. 14-71. Defendant entered a plea of not guilty, the jury returned a verdict of "guilty of nonfelonious receiving stolen property," and from judgment imposing prison sentence of twelve months, defendant appeals.

*Attorney General Robert Morgan, by Assistant Attorney General Richard N. League, for the State.*

*Sanford W. Brown for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the refusal of the court to grant his motion for judgment as of nonsuit interposed at the close of the evidence. The evidence, viewed in the light most favorable to the State, tends to show:

On the night of 20 September 1972, Franklin Jackson, Michael Williams, Benjamin Little, and Ronnie Watkins entered William Randolph School on Montford Avenue in Asheville by breaking a window of a rear entrance. The four then broke into rooms of the school and stole five to seven record players. Some time thereafter the four drove to the business establishment of defendant. The car was parked directly in front of the doorway and the occupants had a clear view into the store. Ronnie Watkins got out of the car and went into the store with one of the stolen record players. Watkins handed defendant the record player and walked with him further into the store. In a minute defendant and Watkins reappeared in the doorway and defendant said, "If you have any more, bring them at different times. I'll buy them all." Watkins received four dollars which was divided among the four.

On this assignment defendant's primary contention is that there is a fatal variance between the indictment and the proof. The indictment charges that defendant "unlawfully and wilfully did feloniously receive and have (1) Audiotronic Record Player, the personal property of the Asheville City Board of Education, valued at $52.64, knowing that the property had been feloniously stolen, taken, and carried away pursuant to a violation of G.S. 14-54 of the General Statutes of North Carolina." Although the evidence showed that the property received by defendant had been stolen from the William Randolph School, there was no showing that the property belonged to the Asheville City Board of Education.

In *State v. Brady,* 237 N.C. 675, 75 S.E. 2d 791 (1953), it is stated that the essential elements of the crime of receiving stolen goods are (1) the stealing of the goods by some other than the accused, (2) that the accused, knowing them to be stolen, received or aided in concealing the goods, and (3) con-

State v. Golden

tinued such possession or concealment with a dishonest purpose. *Brady* also holds that in a prosecution for receiving stolen goods, the only purpose of requiring the ownership of the goods to be stated in the indictment is to negative ownership in the accused, and it is not necessary that the indictment state the names of those from whom the goods were stolen. In *State v. McClure*, 13 N.C. App. 634, 186 S.E. 2d 609 (1972), this court held that in a prosecution for receiving stolen goods, it is not essential that the indictment state the names of those from whom the goods were stolen (citing *Brady*).

In other states it has been held that it is not necessary to prove that defendant knew either the owner or the thief except in those jurisdictions in which the offense is strictly accessorial to the theft. See *Wertheimer v. State*, 201 Ind. 572, 169 N.E. 40 (1929), and *Zeargain v. State*, 57 Okla. Crim. 136, 45 P. 2d 1113 (1935). Our State has long viewed the offenses of larceny and receiving as separate and distinct. *State v. Brady, supra; In re Powell*, 241 N.C. 288, 84 S.E. 2d 906 (1954) ; and *State v. Neil*, 244 N.C. 252, 93 S.E. 2d 155 (1956). G.S. 14-71, defining the offense of receiving, clearly creates an offense not accessorial to larceny. For a discussion of the historical development of the separate offense, see LaFave and Scott, Handbook on Criminal Law, § 93, p. 682 (1972).

If then there is no need for allegation as to the owner, other than to negative ownership in the defendant, we perceive no fatal defect when the proof shows only that the property did not belong to the defendant. This holding is in accord with the essential requirements which call only for proof that the property received was stolen. Needless to say, in prosecutions for receiving stolen property the State would be well advised, whenever possible, to allege and prove the owner of the property. The assignment of error is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but conclude that they too are without merit and they are likewise overruled.

No error.

Judges PARKER and VAUGHN concur.