IN THE SUPREME COURT OF NORTH CAROLINA

No. 330PA21

Filed 16 June 2023

STATE OF NORTH CAROLINA

v.

CORDERO DEON NEWBORN

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 279 N.C. App. 42, 864 S.E.2d 752 (2021), vacating in part a judgment entered on 25 October 2019 by Judge Thomas H. Lock in Superior Court, Haywood County. Heard in the Supreme Court on 26 April 2023.

*Joshua H. Stein, Attorney General, by Kristin J. Uicker, Assistant Attorney General, for the State-appellant.*

*Joseph P. Lattimore for defendant-appellee.*

NEWBY, Chief Justice.

In this case we determine whether a single indictment charging defendant with possession of a firearm by a felon and two related offenses in violation of N.C.G.S. § 14-415.1(c), which requires separate indictments, is fatally defective. The Court of Appeals vacated defendant's conviction for possession of a firearm by a felon because the State failed to obtain a separate indictment for that offense under the unambiguous, mandatory language of N.C.G.S. § 14-415.1(c). This Court's well-established precedent provides, however, that a violation of a mandatory separate indictment provision is not fatally defective. We follow our long-standing principle of

substance over form when analyzing the sufficiency of an indictment. Because the indictment here alleged facts to support the essential elements of the crimes with which defendant was charged such that defendant had sufficient notice to prepare his defense, the indictment is valid. Accordingly, we reverse the decision of the Court of Appeals.

On 25 April 2018, while patrolling U.S. Highway 19, Sergeant Ryan Flowers of the Maggie Valley Police Department ran a Division of Motor Vehicles (DMV) record search of defendant's license plate. DMV records revealed that defendant's driver's license had been permanently revoked and that he had four pending counts of misdemeanor driving while license revoked–not impaired revocation. Sergeant Flowers stopped defendant's vehicle. While communicating with defendant and the passenger, Sergeant Flowers smelled marijuana emanating from defendant's vehicle. Sergeant Flowers asked defendant where the marijuana was located in the vehicle; defendant replied that there was none in the vehicle but admitted that he and the passenger had smoked marijuana "a little earlier." Sergeant Flowers also asked defendant if there were any firearms in the vehicle, and defendant responded no.

Based on the smell of marijuana and defendant's admission that he had recently smoked marijuana, Sergeant Flowers decided to search defendant's vehicle and called Sergeant Jeff Mackey for backup. During the search, Sergeant Mackey located a small firearm beneath the passenger seat and arrested the passenger for carrying a concealed weapon in violation of N.C.G.S. § 14-269(a). *See*

N.C.G.S. § 14-269(a) (2021). Sergeant Flowers asked defendant if there were other firearms in the vehicle, and defendant stated there were not. The officers' further search of the vehicle, however, revealed a second firearm located between the center console and the driver's seat. Accordingly, Sergeant Flowers arrested defendant for misdemeanor carrying a concealed weapon in violation of N.C.G.S. § 14-269(a). A dispatcher later informed the officers that defendant was a convicted felon.

On 6 August 2018, in a single indictment, defendant was indicted for possession of a firearm by a felon, possession of a firearm with an altered or removed serial number, and carrying a concealed weapon. Defendant did not challenge the indictment before the trial court. The jury found defendant guilty of all three offenses. Defendant appealed.

On appeal, the Court of Appeals vacated defendant's conviction for possession of a firearm by a felon because the State failed to obtain a separate indictment for that offense in violation of N.C.G.S. § 14-415.1(c). *State v. Newborn*, 279 N.C. App. 42, 47, 864 S.E.2d 752, 757 (2021); *see* N.C.G.S. § 14-415.1(c) (2021). In vacating defendant's conviction, the Court of Appeals relied on its previous decision in *State v. Wilkins*, 225 N.C. App. 492, 737 S.E.2d 791 (2013), in which it held that N.C.G.S. § 14-415.1(c) unambiguously "mandates that a charge of [p]ossession of a [f]irearm by a [f]elon be brought in a separate indictment from charges related to it." *Wilkins*, 225 N.C. App. at 497, 737 S.E.2d at 794. The State, however, urged the Court of Appeals to rely on this Court's decision in *State v. Brice*, 370 N.C. 244, 806 S.E.2d

32 (2017). In that case this Court held that a similar special indictment statute for habitual offender crimes was not jurisdictional in nature, and a failure to obtain a separate indictment did not deprive the trial court of jurisdiction. *Brice*, 370 N.C. at 253, 806 S.E.2d at 38. The Court of Appeals declined to follow *Brice*, reasoning that *Brice* involved a completely different special indictment statute, not the statute at issue in the present case. *Newborn*, 279 N.C. App. at 47, 864 S.E.2d at 757. Instead, the Court of Appeals applied its own precedent from *Wilkins* because that case dealt with the same statute. *Id*. Thus, the Court of Appeals held that "the State's failure to obtain a separate indictment for the offense of possession of a firearm by a felon, as mandated by N.C.G.S. § 14-415.1(c), rendered the indictment fatally defective and invalid as to that charge." *Id*.

The State petitioned this Court for discretionary review to determine whether the Court of Appeals erred by not following this Court's decision in *Brice*. We allowed the State's petition.

This Court reviews the sufficiency of an indictment de novo. *State v. White*, 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019). Defendant failed to challenge the facial validity of the indictment at the trial court. Defendant argues, however, that because the indictment violates the statutory mandate in N.C.G.S. § 14-415.1(c), it is fatally defective, and thus the trial court lacks subject matter jurisdiction over the offense. It is well-settled that a defendant can raise a claim that the trial court lacked subject matter jurisdiction at any time. *See State v. Campbell*, 368 N.C. 83, 86, 772 S.E.2d

440, 443 (2015). Therefore, we must determine whether the indictment charging defendant with possession of a firearm by a felon, plus two related offenses, is fatally defective under N.C.G.S. § 14-415.1(c), depriving the trial court of jurisdiction.

Section 14-415.1 prohibits felons from possessing or purchasing firearms. N.C.G.S. § 14-415.1(a) (2021). Subsection 14-415.1(c) requires that "[t]he indictment charging the defendant under the terms of this section shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under this section." N.C.G.S. § 14-415.1(c). In other words, when a defendant is charged with possession of a firearm by a felon *in addition to* a separate related offense, such as carrying a concealed weapon, N.C.G.S. § 14-415.1(c) requires that the State obtain a separate indictment for the possession of a firearm by a felon offense.

Generally, the purpose of an indictment is to put the defendant on notice of the crime being charged and to protect the defendant from double jeopardy. *State v. Sturdivant*, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981). Therefore, to determine the facial validity of an indictment, "the traditional test" is whether the indictment alleges facts supporting the essential elements of the offense to be charged. *Brice*, 370 N.C. at 249–50, 806 S.E.2d at 36–37; *see also* N.C.G.S. § 15A-924(a)(5) (2021) (mandating that an indictment must include "[a] plain and concise factual statement in each count which . . . asserts facts supporting every element of a criminal offense . . . with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation"). Accordingly, "a defendant can obtain sufficient

notice of the exact nature of the charge that has been lodged against him or her through compliance with the traditional [pleading] requirements set out in N.C.G.S. § 15A-924(a)(5) without the necessity for compliance with the separate indictment provisions of N.C.G.S. § [14-415.1(c)]." *Id.* at 253, 806 S.E.2d at 38. Additionally, obtaining a separate indictment under N.C.G.S. § 14-415.1(c) "is not absolutely necessary to ensure the absence of prejudice to defendant." *Id.*

Moreover, it is well-established that a court should not quash an indictment due to a defect concerning a "mere informality" that does not "affect the merits of the case." *State v. Brady*, 237 N.C. 675, 679, 75 S.E.2d 791, 793 (1953). Indeed, this Court opined forty-five years ago in *State v. House*, 295 N.C. 189, 244 S.E.2d 654 (1978), that to quash an indictment because of an informality would "paramount mere form over substance," which this Court explicitly declined to do. *House*, 295 N.C. at 203, 244 S.E.2d at 662. This Court in *House* further explained the principle of substance over form, stating that "provisions which are a mere matter of form, or which are not material, do not affect any substantial right, and do not relate to the essence of the thing to be done . . . are considered to be directory." *Id.* at 203, 244 S.E.2d at 661–62 (quoting 73 Am. Jur. 2d *Statutes* § 19 (1974)). In other words, failure to comply with statutory requirements regarding the form of an indictment rather than its substance is not prejudicial to a defendant. *See State v. Russell*, 282 N.C. 240, 248, 192 S.E.2d 294, 299 (1972).

This Court's decision in *Brice* held that failure to comply with a separate

indictment provision is a mere informality that does not render an indictment fatally defective. *See Brice*, 370 N.C. at 252–53, 806 S.E.2d at 38. In that case, the defendant was indicted for habitual misdemeanor larceny. *Id*. at 244–45, 806 S.E.2d at 33. The defendant challenged the indictment's validity because the form of the indictment failed to comply with the statutory requirements under N.C.G.S. § 15A-928. *Id*. at 245, 806 S.E.2d at 33. Thus, the defendant argued that the indictment was fatally defective and that the trial court lacked jurisdiction over the habitual misdemeanor larceny offense. *Id*.

The statute at issue in *Brice*, N.C.G.S. § 15A-928, governs habitual offenders and prescribes the process by which a prosecutor should present a defendant's previous convictions. It specifically mandates that

> [a]n indictment or information for the offense must be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense. At the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count.

N.C.G.S. § 15A-928(b) (2021). After examining the statute's purpose and language, this Court determined that noncompliance with the statute does not constitute a jurisdictional defect. *Brice*, 370 N.C. at 253, 806 S.E.2d at 38. Significantly, this Court explained that "[a]lthough the separate indictment provisions contained in N.C.G.S. § 15A-928 are couched in mandatory terms, that fact, standing alone, does not make them jurisdictional in nature." *Id*. In other words, "noncompliance with the

relevant statutory provisions [does not] constitute[ ] a jurisdictional defect" such that the trial court does not have authority over the charge at issue. *Id.* at 252–53, 806 S.E.2d at 38. Therefore, this Court, relying on *House* and its principle of substance over form, held that the statutory requirements were not jurisdictional. *Id.* at 253, 806 S.E.2d at 38. Because the defect did not implicate jurisdictional concerns, nor did it affect the facial validity of the indictment, the defendant was required to raise the statutory indictment issue to the trial court. *Id.* Otherwise, review of that issue was waived. *Id.* Under *Brice*, indictments that fail to comply with mandatory separate indictment statutes are not fatally defective and thus do not deprive the trial court of jurisdiction.

Here, because the indictment includes the offense of possession of a firearm by a felon along with two related offenses, the indictment fails to comply with the mandatory separate indictment provision of N.C.G.S. § 14-415.1(c). Just as in *Brice*, however, that defect is a "mere informality" that does not "affect the merits of the case." *Brady*, 237 N.C. at 679, 75 S.E.2d at 793. Applying the principle of substance over form, it is clear that the indictment here gave defendant sufficient notice of the crimes with which he was being charged such that he was able to prepare his defense. Moreover, the State's failure to obtain a separate indictment for the possession of a firearm by a felon offense did not prejudice defendant because the indictment sufficiently alleged facts supporting the essential elements of the crimes with which defendant was charged. Therefore, we hold that although the statute here is "couched

in mandatory terms," *Brice*, 370 N.C. at 253, 806 S.E.2d at 38, the statute's separate indictment requirement is not jurisdictional, and failure to comply with the requirement does not render the indictment fatally defective.

The Court of Appeals in the present case erroneously applied its precedent in *Wilkins*. Although the Court of Appeals in *Wilkins* dealt specifically with N.C.G.S. § 14-415.1(c), that case was wrongly decided in light of this Court's precedent adopting a substance-over-form approach. *See House*, 295 N.C. at 203, 244 S.E.2d at 661–62. Despite this Court's precedent recognizing that substance should prevail over form, as well as Court of Appeals decisions applying the same principle, the Court of Appeals reversed track in *Wilkins* and demanded strict compliance with the form of an indictment while overlooking its substance.[1] Accordingly, *Wilkins* is hereby specifically overruled.

This Court's decision in *Brice* correctly adhered to the principle of substance over form and reaffirmed this Court's long-standing practice of declining to quash an

---

[1] Notably, before *Wilkins*, the Court of Appeals held on three separate occasions that an indictment was not fatally defective for failing to comply with mandatory formalities under N.C.G.S. § 14-415.1(c). In each case, the Court of Appeals relied on this Court's decision in *House* to adhere to the principle of substance over form. *See State v. Boston*, 165 N.C. App. 214, 218, 598 S.E.2d 163, 166 (2004) ("[T]he provision of [N.C.G.S.] § 14-415.1(c) that requires the indictment to state the penalty for the prior offense is not material and does not affect a substantial right[, and] . . . hold[ing] otherwise would permit form to prevail over substance."); *State v. Inman*, 174 N.C. App. 567, 571, 621 S.E.2d 306, 309 (2005) (holding that the indictment was not fatally defective for failing to include the date of the defendant's previous conviction because "this omission is not material and does not affect a substantial right"); *State v. Taylor*, 203 N.C. App. 448, 454, 691 S.E.2d 755, 761 (2010) (holding that the indictment was not fatally defective for a discrepancy in the date of the defendant's prior felony offense).

indictment over a defect that amounts to a mere informality. Therefore, *Brice* controls the outcome of this case. Because the Court of Appeals in the present case declined to follow this Court's precedent established in *House* and reaffirmed in *Brice*, and instead relied on its erroneous decision in *Wilkins*, we reverse the decision of the Court of Appeals and instruct that court to reinstate the judgment of the trial court.

REVERSED.

Justice DIETZ did not participate in the consideration or decision of this case.

Justice MORGAN dissenting.

In dissenting from my learned colleagues in the majority, I would affirm the decision of the Court of Appeals which held that "[w]hen the charge of possession of a firearm by a felon is brought in an indictment containing other related offenses, the indictment for that charge is rendered fatally defective and invalid, thereby depriving a trial court of jurisdiction over it." *State v. Newborn*, 279 N.C. App. 42, 43 (2021). While the majority correctly identifies the issue in this case as "whether a single indictment charging defendant with possession of a firearm by a felon and two related offenses is fatally defective under N.C.G.S. § 14-415.1(c), depriving the trial court of jurisdiction over the offense," the reasoning of the majority is fatally defective itself through the majority's unconvincing departure from this Court's entrenched principles governing proper statutory interpretation and the majority's exacerbation of this flawed preface through its misunderstanding of the applicable appellate caselaw precedent. Due to this misguided analysis of the intersection between the relevant statutory law and the appropriate governing appellate caselaw, I respectfully dissent.

Subsection 14-415.1(a) of the General Statutes of North Carolina states, in pertinent part: "It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . . ."

N.C.G.S. § 14-415.1(a) (2021). Pursuant to this statutory provision which establishes the offense, N.C.G.S. § 14-415.1(c) states, again in pertinent part: "The indictment charging the defendant under the terms of this section *shall be separate from any indictment charging him with other offenses . . . ." Id.* § 14-415.1(c) (emphasis added).

In this case, defendant was charged with the criminal offenses of possession of a firearm with an altered or removed serial number, carrying a concealed weapon, and possession of a firearm by a felon. All three of defendant's charges were lodged in a sole indictment. The combination of defendant's charged offense of possession of a firearm by a felon with the other two charged offenses constituted an obvious lack of the State's compliance with the unequivocal mandate of N.C.G.S. § 14-415.1(c), which clearly requires that an indictment charging an individual—such as defendant here—with a violation of the statute "shall be separate from any indictment charging him with other offenses." *Id.*

"When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts *must* give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239 (1978) (emphasis added) (citing *State v. Camp*, 286 N.C. 148 (1974)). "It is well established that the word 'shall' is generally imperative or mandatory when used in our statutes." *Morningstar Marinas/Eaton Ferry, LLC v. Warren Cnty.*, 368 N.C. 360, 365 (2015) (extraneity omitted). In the instant case, it is evident that the indictment was

defective in that it did not conform with the statute's clear and unambiguous language which must be given its plain and definite meaning. In my view, the Court of Appeals followed the requirement imposed upon the state's forums, as we opined in *In re Banks*, to construe N.C.G.S. § 14-415.1(c) literally without taking additional liberties with the statute's unmistakable terms. Therefore, I agree with the lower appellate court's determination to vacate defendant's conviction for the offense of possession of a firearm by a felon because the State's lack of compliance with the separate indictment requirement of N.C.G.S. § 14-415.1(c) rendered the charging instrument at issue here to be defective.

Despite the clear and unambiguous language of N.C.G.S. § 14-415.1(c) which requires a separate indictment for the offense of possession of a firearm by a felon, nonetheless the majority has sadly opted to forsake a rudimentary principle easily understood in legal circles; namely, with regard to statutory interpretation, to ascribe to words their plain and simple meaning. However, the majority chose to build upon this faulty foundation by not merely ignoring basic rules of statutory construction but also by trampling upon our stated principle in *In re Banks* that the courts "are without power to interpolate, or superimpose, provisions and limitations not contained" in statutes with operative words which have a plain and definite meaning. *In re Banks*, 295 N.C. at 239. Yet here, the majority has decided to grant itself a dispensation in order to depart from this cardinal principle as well, opting to create such authority for itself. And in doing so, the majority incredibly manages to execute

a *third* misfortune in the area of statutory interpretation by obfuscating the clear application of N.C.G.S. § 14-415.1(c) and the pointedly relevant case of *State v. Wilkins*, 225 N.C. App. 492 (2013), with the strained application of N.C.G.S. § 15A-928 and the tangentially relevant case of *State v. Brice*, 370 N.C. 244 (2017). The majority's awkward adaptation here of N.C.G.S. § 15A-928 and *Brice* to blunt the direct effect of N.C.G.S. § 14-415.1(c) and *Wilkins* signals a precarious uncertainty for the reliability of statutory interpretation, the sanctity of legal precedent, and the stability of the area of criminal law.

To illustrate the extent to which the majority is willing to contort itself with regard to my observation, it is worthy of note that the majority acutely relies upon the criminal *procedure* statute of N.C.G.S. § 15A-928 to offset the criminal *law* statute of N.C.G.S. § 14-415.1. As a criminal law statute, N.C.G.S. § 14-415.1 establishes the criminal offense of possession of a firearm by a felon and designates the manner in which the specific offense must be charged; as a criminal procedure statute, N.C.G.S. § 15A-928 does not establish *any* criminal offense and designates the manner in which, according to the statute's title, there is to be "[a]llegation and proof of previous convictions in superior court." N.C.G.S. § 15A-928, as a criminal procedure statute, has general application; N.C.G.S. § 14-415.1, as a criminal law statute establishing a criminal offense, has a specific application as to the identified crime. While the majority trumpets the applicability of N.C.G.S. § 15A-928 to the present case in a manner which reduces the appropriate direct impact of N.C.G.S. § 14-415.1, the

majority exemplifies yet a *fourth* method of wrongful statutory interpretation. "One canon of construction is that when one statute deals with a particular subject matter in detail, and another statute deals with the same subject matter in general and comprehensive terms, the more specific statute will be construed as controlling." *Piedmont Publ'g Co. v. City of Winston-Salem*, 334 N.C. 595, 598 (1993). Because the majority elevates and expands the general criminal procedure statute of N.C.G.S. § 15A-928 above and beyond the applicability of the specific criminal law statute of N.C.G.S. § 14-415.1, which should totally govern the analysis and resulting outcome of this case, the majority has elected to abrogate another fundamental standard of prioritizing the operation of a specific statute over a general statute by instead relying here on the general criminal procedure statute of N.C.G.S. § 15A-928 and its subservient relevance when compared to N.C.G.S. § 14-415.1 and its prioritized relevance as the specific criminal law statute.

With these four glaring missteps by the majority which have shunned elementary statutory interpretation principles which are firmly ensconced in our legal jurisprudence, it reasonably follows that the majority's heavy reliance on *Brice*, with the case's major focus on N.C.G.S. § 15A-928 which conveniently fits the majority's unsound approach to the present case, is misplaced. In like fashion, the majority stretches to cobble together various appellate caselaw principles regarding double jeopardy, sufficient notice, and "form over substance" references to indictment considerations in an exhausting exercise to strengthen its brittle decision.

Meanwhile, the lower appellate court, in the opinion which it issued here, rendered a sound and comprehensible decision based upon its own precedent of *Wilkins*. Unlike *Brice* and its tangential relevance to the present case by virtue of its focus on the general criminal procedure statute, N.C.G.S. § 15A-928, *Wilkins* (1) addressed the same specific criminal law statute at issue here—N.C.G.S. § 14-415.1—which should have fully controlled the outcome of the instant case; (2) analyzed the same issue as the matter presented here concerning the combination of the charged criminal offense of possession of a firearm by a felon and another charged offense in one indictment; (3) examined the requirement regarding N.C.G.S. § 14-415.1 and proper statutory interpretation that "where the language of the statute is clear and unambiguous, there is no room for judicial construction"; (4) determined that "[d]efendant should not have been charged with both offenses in the same indictment"; and (5) ultimately concluded that the indictment charging defendant with possession of a firearm by a felon was fatally defective and thus invalid because the charge was not brought in a separate indictment. *Wilkins*, 225 N.C. App. at 496–97 (citation omitted).

While this Court is not bound by decisions of the Court of Appeals, I deem it to be much more fathomable to implement a solid outcome rendered by the lower appellate court which is based upon well-reasoned analysis spawned by well-established principles that are rooted in directly relevant law rather than to manufacture a shallow outcome which is based upon an ill-fitting analysis driven by unbridled approaches that are rooted in conveniently available opportunities.

I respectfully dissent.

Justice EARLS joins in this dissenting opinion.