STATE v. WILKINS

[225 N.C. App. 492 (2013)]

———————

STATE OF NORTH CAROLINA
v.
MICHAEL CHRISTOPHER WILKINS

No. COA12-869

Filed 5 February 2013

**1. Appeal and Error—appealability—challenge to indictment on its face—not raised below**

A challenge alleging that an indictment is invalid on its face may be made at any time, even if it was not contested in the trial court.

**2. Firearms and Other Weapons—possession of by felon—indictment**

An indictment charging defendant with possession of a firearm by a felon was fatally defective where it was not brought in a separate indictment. The form of the indictment is explicitly prescribed by statute; the intent of the legislature must be given effect.

**3. Sentencing—habitual felon—stipulation to prior felonies**

Defendant's habitual felon conviction was vacated where defendant stipulated at his sentencing hearing to the three predicate felonies alleged by the State but the issue was not presented to the jury, nor did the trial court establish a record of a guilty plea.

Appeal by defendant from judgment entered 23 March 2012 by Judge Alma L. Hinton in Halifax County Superior Court. Heard in the Court of Appeals 13 December 2012.

*Attorney General Roy Cooper, by Special Deputy Attorney General David P. Brenskelle, for the State.*

*W. Michael Spivey for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Michael Christopher Wilkins ("Defendant") appeals from judgments entered following his conviction for Possession of a Firearm by a Felon, among other offenses. Defendant argues: (1) that the indictment charging him with Possession of a Firearm by a Felon is facially defective and (2) that the trial court erred in sentencing him as an habitual felon. For the following reasons, we vacate Defendant's Possession of a Firearm by a Felon conviction, as well as his conviction for having attained habitual felon status.

## I. Procedural History

Defendant was indicted on 19 January 2010 for one count each of (1) Robbery with a Dangerous Weapon, (2) Second Degree Kidnapping, (3) Possession of Stolen Goods, (4) Assault with a Deadly Weapon, and (5) Possession of a Firearm by a Felon. The Robbery, Kidnapping, and Possession of Stolen Goods charges were listed on one bill of indictment, while the Possession of a Firearm by a Felon and Assault with a Deadly Weapon charges were listed together on a separate indictment. Defendant was also charged with having attained habitual felon status.

Following a trial, Defendant was convicted of the Robbery, Kidnapping, and Possession of a Firearm charges. During the sentencing phase, the trial court conducted the following exchange with Defendant:

> THE COURT: Mr. Wilkins, it has been brought to my attention by your attorney that when we previously dis-

cussed your status as being a habitual felon, you elected to stand mute; is that correct?

THE DEFENDANT: That is correct.

THE COURT: And it has been brought to my attention that at this point you wish to admit those previous convictions that have been—that the State alleges make you to be a habitual felon; is that correct?

THE DEFENDANT: Guilty of these charges?

THE COURT: The convictions, the previous convictions.

THE DEFENDANT: The old charges?

THE COURT: The old charges.

THE DEFENDANT: Yes.

THE COURT: So just to be clear, you are admitting that you were convicted of attempted common law robbery on February 26 of 1996, and that offense was committed on November 1, 1995; is that correct?

THE DEFENDANT: Do plea arrangements also count as being convicted of?

THE COURT: Yes.

THE DEFENDANT: That is correct.

THE COURT: And that you were convicted on November 12 of 2002, in Superior Court of Halifax County of assault on a handicapped person, the felony of assault on a handicapped person, that assault taking place on December 23, 2001; is that correct?

THE DEFENDANT: Correct.

THE COURT: And the attempted common law robbery conviction also occurred in Superior Court in Halifax County; is that correct?

THE DEFENDANT: That is correct.

THE COURT: And that you were convicted of common law robbery on November 2, 2005 in Nash County Superior Court, that offense taking place on May 21 of 2005?

THE DEFENDANT: Correct.

THE COURT: Any further inquiry requested by the
State?

[THE STATE]: No, ma'am.

THE COURT: Thank you. You may have a seat.

The trial court then sentenced Defendant as an habitual felon to con-
secutive sentences of 110-141 months imprisonment. Defendant gave
oral notice of appeal in open court.

## II. Jurisdiction & Standard of Review

As Defendant appeals from the final judgment of a superior court,
an appeal lies of right to this Court pursuant to N.C. Gen. Stat.
§ 7A–27(b) (2011).

We review the sufficiency of an indictment *de novo*. *State
v. Marshall*, 188 N.C. App. 744, 748, 656 S.E.2d 709, 712 (2008).
Alleged statutory errors are questions of law, *State v. Hanton*, 175
N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006), and as such, are
reviewed *de novo*. *Staton v. Brame*, 136 N.C. App. 170, 174, 523 S.E.2d
424, 427 (1999). Under *de novo* review, this Court "considers the mat-
ter anew and freely substitutes its own judgment for that of the lower
tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294
(2008) (quotation marks and citation omitted).

## III. Analysis

### A. Indictment for Possession of a Firearm by a Felon

[1] Defendant contends that the trial court lacked jurisdiction to try,
convict, and sentence him for Possession of a Firearm by a Felon
because the State failed to obtain a separate indictment for that offense.
Defendant argues that the indictment for Possession of a Firearm by a
Felon was fatally defective under N.C. Gen. Stat. § 14-415.1(c) because
the charge was included as a separate count in a single indictment
also charging Defendant with Assault with a Deadly Weapon.
Defendant specifically argues that the trial court lacked jurisdiction
to try him for Possession of a Firearm by a Felon because the State
failed to obtain a separate indictment for that charge. We agree.

Preliminarily, we note that Defendant failed to raise this issue
before the trial court. Nevertheless, "where an indictment is alleged
to be invalid on its face, thereby depriving the trial court of its juris-
diction, a challenge to that indictment may be made at any time, even
if it was not contested in the trial court." *State v. Wallace*, 351 N.C.

481, 503, 528 S.E.2d 326, 341 (2000). "A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, 'and to give authority to the court to render a valid judgment.' " *State v. Moses*, 154 N.C. App. 332, 334, 572 S.E.2d 223, 226 (2002) (quoting *State v. Ray*, 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968)).

**[2]** The statute prohibiting the possession of a firearm by a felon, N.C. Gen. Stat. § 14-415.1 (2011), reads in pertinent part as follows:

> (a) It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction as defined in G.S. 14-288.8(c)

> . . . .

> (c) The indictment charging the defendant under the terms of this section *shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under this section.*

N.C. Gen. Stat. § 14-415.1(a), (c) (2011) (emphasis added).

The question presented by this appeal is whether N.C. Gen. Stat. § 14-415.1(c) requires that a Possession of a Firearm by a Felon charge be brought in a separate indictment from other related charges.

"The principle is well settled that a statute must be construed as written and where the language of the statute is clear and unambiguous, there is no room for judicial construction." *State v. Hardy*, 67 N.C. App. 122, 125, 312 S.E.2d 699, 702 (1984). "The courts must give the statute its plain and definite meaning and are without power to interpolate or to superimpose provisions not contained therein." *Id.*

Here, both the Assault and Possession charges arose as a result of Defendant's use of a firearm during a robbery. As both charges refer to the same weapon, the assault charge is directly "related" to the charge of Possession of a Firearm by a Felon in this case. Accordingly, Defendant should not have been charged with both offenses in the same indictment. N.C. Gen. Stat. § 14-415.1(c) clearly and unambiguously states, "[t]he indictment charging the defendant under the terms of [N.C. Gen. Stat. § 14-415.1] shall be separate from any indictment charging him with other offenses related to or giving

rise to a charge under [N.C. Gen. Stat. § 14-415.1].” The form of the indictment is explicitly prescribed by statute, and we must give effect to the intent of the legislature as expressed in the statute's plain language. We therefore decline the State's invitation to apply the mode of statutory construction discussed in *State v. House*, 295 N.C. 189, 203, 244 S.E.2d 654, 661-62 (1978) (applying a “whole statute” test to determine whether a provision is directory notwithstanding facially mandatory language).

Because N.C. Gen. Stat. § 14-415.1(c) mandates that a charge of Possession of a Firearm by a Felon be brought in a separate indictment from charges related to it, the indictment charging Defendant with possession of a firearm in this case is fatally defective, and thus invalid. We therefore vacate Defendant's conviction for Possession of a Firearm by a Felon.[1]

## B. Sentencing as an Habitual Felon

[3] Defendant next argues that the trial court erred in sentencing him as an habitual felon because the issue was not submitted to the jury, and the record does not establish that Defendant pleaded guilty to being an habitual felon. We agree.

This Court has held that “[t]he proceedings for determining whether a defendant is an habitual felon ‘shall be as if the issue of habitual felon were a principal charge.’ ” *State v. Gilmore*, 142 N.C. App. 465, 471, 542 S.E.2d 694, 698–99 (2001) (quoting N.C. Gen. Stat. § 14-7.5). Under N.C. Gen. Stat. § 14-7.5, the issue of whether a defendant is an habitual felon is submitted to the jury. *Id.* A defendant may, in the alternative, enter a guilty plea to the charge of being an habitual felon. *See State v. Williams*, 133 N.C. App. 326, 330, 515 S.E.2d 80, 83 (1999).

However, a defendant's mere stipulation to predicate felonies is insufficient. *See Williams*, 133 N.C. App. at 330, 515 S.E.2d at 83 (stipulation to habitual felon status is only tantamount to a guilty plea, when, subsequent to defendant's stipulation, the trial court asked defendant “questions to establish a record of her plea of guilty” and defendant “informed the court that she understood that her stipulations would give up her right to have a jury determine her status as an

---

1. We note this result is consistent with two unpublished opinions of this Court. *See State v. Herring*, No. COA07-1506, 2008 WL 2582518 (N.C. Ct. App. July 1, 2008); *State v. Nivens*, No. COA02-1601, 2004 WL 1191902 (N.C. Ct. App. June 1, 2004). While these cases are not binding, we find their rationale persuasive, especially in light of the fact that six judges of this Court have concurred in the result.

habitual felon"); *see also* N.C. Gen. Stat. § 15A-1022(a) (2011) (trial court may not accept guilty plea without first addressing defendant personally and making inquiries of defendant as required by statute).

Our holding in *Gilmore* applying these principles is controlling in this case. Like the defendant in *Gilmore*, Defendant stipulated at his sentencing hearing to the three predicate felonies alleged by the State. In both cases, the issue was not presented to the jury, nor did the trial court establish a record of a guilty plea. *See Gilmore*, 142 N.C. App. at 471, 542 S.E.2d at 699 (holding that a defendant's stipulation to habitual felon status "in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea."). Accordingly, we vacate Defendant's habitual felon conviction.

## IV. Conclusion

For the foregoing reasons, Defendant's convictions for Possession of a Firearm by a Felon and for having attained habitual felon status are

VACATED.

Judges GEER and STROUD concur.