An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1036

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

v.

LAWRENCE E. SMITH

Columbus County
No. 11 CRS 50365-366,
11 CRS 50392, 11 CRS 50425

Appeal by defendant from judgments entered 22 February 2013 by Judge D. Jack Hooks, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 18 February 2014.

> *Roy Cooper, Attorney General, by Creecy Johnson, Special Deputy Attorney General, for the State.*

> *Jennifer Harjo, Public Defender, New Hanover County, by Brendan O'Donnell, Assistant Public Defender, for defendant-appellant.*

STEELMAN, Judge.

The trial court did not commit plain error in admitting the recording of defendant's unredacted statement to law enforcement officers into evidence. Where the State presented substantial evidence that defendant was the perpetrator of the Sam's Pit Stop robbery, the trial court did not err in denying defendant's

motion to dismiss. Where the State presented admissible evidence of defendant's prior felony status, the trial court did not err in denying defendant's motion to dismiss the first charge of possession of a firearm by a felon. Where the second charge of possession of a firearm by a felon was not listed in a separate indictment, the indictment was fatally defective, so the trial court lacked jurisdiction to enter judgment based on that charge.

## I. Factual and Procedural Background

In January of 2011, the Sam's Pit Stop store, located in Hallsboro, was robbed. Employee Alisa Mitchell (Mitchell) testified that, at roughly 10:00 p.m., a black man, approximately 5'3" or 5'4", wearing dark clothes and a bandana covering his face, robbed the store with a revolver. The man also demanded a pack of Newport cigarettes. There was a surveillance video of this robbery, which was shown to the jury at trial.

On 6 January 2011, the Time Saver 4 store was robbed. Employees Elijah Kemp (Kemp) and Gloranda Stephens (Stephens) testified that three people entered the store, one of whom was a black man with a gun. Holding the employees at gunpoint, the robbers took money and cigarettes. Some of the money stolen

consisted of coins wrapped into rolls. Stephens described the gun as having a "little brown handle." There was a surveillance video of this robbery, which was shown to the jury at trial.

On 26 January 2011, the L&D Quick Mart near Whiteville was robbed. Tonia Irwin (Irwin), an employee, testified that a black man with a bandana covering his face, armed with a black gun, entered the store and demanded the store's money bag. Irwin testified that the money bag usually contained wrapped coins.

On 28 January 2011, Lieutenant Blake Potter (Potter) of the Columbus County Sheriff's Department was notified to be on the lookout for a dark-colored Chevy Impala "in reference to a local string of armed robberies." Potter spotted a car matching that description, followed it, and when it turned into a driveway, Potter initiated a traffic stop. When the driver emerged from the vehicle, Potter ordered him back into the vehicle, but he fled. While the driver was not apprehended that day, Potter identified him in court as Lawrence Edward Smith (defendant).

A passenger in defendant's vehicle, Victoria Baxley (Baxley) spoke with Columbus County Sheriff's Detective Rene Trevino (Trevino), and consented to a search of the car. During the search, police found a black .357 revolver with a brown

handle, and an identification card for Lawrence Smith, as well as a brown jacket and a bandana.  A search of the vehicle after it was impounded also revealed the presence of coin wrappers. With Baxley's consent, Trevino searched a hotel room in Loris, South Carolina, and found a coin wrapper and a black bandana.

Defendant was arrested in Boardman, and was questioned by law enforcement officers.  A portion of this interview was recorded.  In the recorded portion, defendant discussed a robbery at an unspecified location, followed by one in New Hope, one in Hallsboro, and one at the L&D Quick Mart; defendant also made statements suggesting that he participated in the L&D and Time Saver 4 robberies, and that he participated in the robbery in Hallsboro.  Defendant made no statements referring to Sam's Pit Stop by name.  Defendant also admitted to a robbery in South Carolina in 2005, to which he had pled guilty, and to an unspecified criminal charge pending in Robeson County.  At trial, the recording of defendant's interview was played for the jury.

On 7 April 2011, defendant was indicted for two counts of possession of a firearm by a felon, and three counts of robbery with a dangerous weapon relating to the L&D Quick Stop, the

Sam's Pit Stop, and the Time Saver 4 robberies.[1]  The jury found defendant guilty of all charges.  On 22 February 2013, the trial court entered judgment, imposing three consecutive active terms of imprisonment of 80-105 months.

Defendant appeals.

## II. Defendant's Statement to Police

In his first argument, defendant contends that the trial court committed plain error in admitting defendant's unredacted statement to law enforcement into evidence, or alternatively that counsel's failure to object to this evidence constituted ineffective assistance of counsel.  We disagree.

## A. Standard of Review

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

---

[1] Defendant was also charged with second-degree kidnapping.  The trial court dismissed this charge at the close of the State's evidence.

> [T]he plain error rule ... is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "'resulted in a miscarriage of justice or in the denial to appellant of a fair trial'" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (quoting *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

> It is well established that ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." Thus, when this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court.

*State v. Thompson*, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (citations omitted) (quoting *State v. Fair*, 354 N.C. 131,

166, 557 S.E.2d 500, 524 (2001)), *cert. denied*, 546 U.S. 830, 163 L. Ed. 2d 80 (2005).

## B. Analysis

Prior to trial, defendant did not make a motion to suppress his statement to law enforcement officers.  At trial, defendant made no objection to the admission of his statement or any part thereof.  On appeal, we review the admission of this evidence only for plain error.

Defendant contends that the unredacted statement referred to crimes "stemming back to [defendant's] youth[;]" the statement mentions that "[defendant] was robbing when [he] was younger," that defendant committed a robbery in South Carolina in 2005 to which he pled guilty (although the charge was ultimately dismissed), and that defendant had a charge pending against him in Robeson County.  Defendant contends that the evidence of this other criminal conduct was irrelevant and inadmissible.  The entirety of defendant's recorded interview, including these references, was admitted into evidence and played before the jury.

Defendant contends that "the jury was overwhelmed with evidence of the defendant's prior crimes and wrongs, his gang participation, and hearsay statements that he was guilty of the charged crimes." By contrast, defendant contends that the State's evidence in this case was not very strong.

In the course of this interview, defendant made specific reference to the robberies for which he was being tried, and acknowledged his participation in them. Lieutenant Potter was able to identify defendant as the man who fled from him. Based upon this and other evidence, a jury could reasonably have found defendant guilty of the crimes charged, even in the absence of his statements concerning other crimes contained in defendant's statement.

On appeal, in order to demonstrate plain error, defendant must show that absent the trial court's alleged error, the jury would probably have reached another verdict. We hold that defendant has not met this burden, and that the trial court did not commit plain error in admitting the recorded statement into evidence.

In the alternative, defendant contends that trial counsel's failure to object to the admission of the recorded interview constituted ineffective assistance of counsel. We hold,

however, that such a claim is premature, and dismiss this portion of defendant's appeal without prejudice to defendant's right to file a motion for appropriate relief in the trial court.

This argument is without merit.

### III. Identity of Robber at Sam's Pit Stop

In his second argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of robbery with a dangerous weapon at Sam's Pit Stop, arguing that the State failed to present sufficient evidence that defendant committed this crime.  We disagree.

### A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting

*State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

## B. Analysis

Defendant contends that no evidence was presented to the jury to suggest that Sam's Pit Stop was located in Hallsboro, and that his admission in his statement, that he was involved in a robbery in Hallsboro, was insufficient to connect him with the Sam's Pit Stop robbery.

Defendant notes that Mitchell, the only eyewitness to the Sam's Pit Stop robbery, did not identify defendant as the perpetrator. Nor did Mitchell identify the revolver found in defendant's car as the one used in the robbery. Nor was evidence presented that the items found in the car or hotel room were taken from Sam's Pit Stop. Defendant further contends that the Time Saver and L&D robberies were not sufficiently similar to tie defendant to the Sam's Pit Stop robbery.

We acknowledge that the evidence in the record concerning the Sam's Pit Stop robbery was circumstantial. However, our Supreme Court has held that:

> Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable

> inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, *taken singly or in combination*, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (citations and quotation marks omitted). In the instant case, the State presented evidence of the surveillance videos from the robberies at Sam's Pit Stop and the Time Saver 4, allowing the jury to see the robbers. In both videos, the jury saw a black man in a black hooded sweater, of average height, with his face covered, in one instance by the hood and in the other by a hood and a bandana. The video of the Sam's Pit Stop robbery was not clearly admitted for solely illustrative purposes. *State v. Kuplen*, 316 N.C. 387, 417, 343 S.E.2d 793, 810 (1986) (stating that "[f]or the trial court to give a proper instruction limiting the State's exhibits to illustrative use would have required that the defendant specifically identify those exhibits which he contended were subject only to illustrative use" and "[h]e did not do so"). After the robbery, the clerk reported what had happened, and could be heard on the video stating that Sam's Pit Stop was located in Hallsboro. The State also

presented evidence of the revolver, defendant's bandana and clothing, and the coin wrappers found in the car and hotel room. Based upon this evidence, taken together with defendant's admissions in the recorded interview, there was sufficient evidence for the jury to draw a reasonable inference that defendant was the perpetrator of the Sam's Pit Stop robbery. We hold that there was substantial evidence in the record that defendant was the perpetrator of the Sam's Pit Stop robbery. The trial court did not err in denying defendant's motion to dismiss.

This argument is without merit.

## IV. Evidence of Prior Felony

In his third argument, defendant contends that the trial court erred in denying defendant's motion to dismiss the charge of possession of a firearm by a felon. We disagree.

### A. Standard of Review

We have previously discussed the standard of review relating to a motion to dismiss in Section III A of this opinion.

### B. Analysis

At trial, the State presented evidence of defendant's prior felony convictions in connection with the charge of possession

of a firearm by a felon. The evidence of prior felony convictions presented by the State was a print-out from the statewide computer system (ACIS) stating that defendant was convicted in 2006 of a felony in Scotland County. This print-out was authenticated by the testimony of an assistant clerk from Columbus County, and admitted into evidence. Defendant contends that this evidence was insufficient to support the charge of possession of a firearm by a felon. Specifically, Defendant contends that the ACIS print-out is not a judgment of a conviction or evidence of a plea of guilty, and thus does not establish the fact of his prior conviction.

> When a person is charged under this section, records of prior convictions of any offense, whether in the courts of this State, or in the courts of any other state or of the United States, shall be admissible in evidence for the purpose of proving a violation of this section. The term "conviction" is defined as a final judgment in any case in which felony punishment, or imprisonment for a term exceeding one year, as the case may be, is authorized, without regard to the plea entered or to the sentence imposed. A judgment of a conviction of the defendant or a plea of guilty by the defendant to such an offense certified to a superior court of this State from the custodian of records of any state or federal court shall be prima facie evidence of the facts so certified.

N.C. Gen. Stat. § 14-415.1(b) (2013).  N.C. Gen. Stat. § 14-415.1 states that "records of prior convictions . . . shall be admissible[,]" and then in a separate sentence that judgments or pleas of guilty shall be *prima facie* evidence of the conviction. This does not mean, however, that a certified copy of a judgment or a plea of guilty is the only manner in which a prior conviction may be established.

The statute pertaining to proof of prior convictions to support a charge of habitual felon in N.C. Gen. Stat. § 14-7.4 provides that:

> A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein.

N.C. Gen. Stat. § 14-7.4 (2013).  We have held, however, that this statute

> clearly indicates that the provision is permissive, not mandatory, in that it provides a prior conviction "may" be proven by stipulation or a certified copy of a record. *See Campbell v. Church,* 298 N.C. 476, 483, 259 S.E.2d 558, 563 (1979) ("the use of 'may' generally connotes permissive or discretionary action and does not mandate

> or compel a particular act"). Thus, although section 14-7.4 contemplates the most appropriate means to prove prior convictions for the purpose of establishing habitual felon status, it does not exclude other methods of proof.

*State v. Wall*, 141 N.C. App. 529, 533, 539 S.E.2d 692, 695 (2000) (holding that facsimile copies of certified judgments were admissible as evidence of prior felony convictions). In the instant case, we hold that, as with the habitual felon statute, while a copy of a judgment of a conviction or a plea of guilty constitutes *prima facie* evidence of prior felony convictions for purposes of N.C. Gen. Stat. § 14-415.1, it is not the exclusive form of evidence of prior felony convictions.

In the instant case, the State presented as evidence the ACIS print-out of defendant's alleged prior felonies. In its charge to the jury, the trial court stated:

> Mr. Smith has been charged with two counts of possession of a firearm by a convicted felon.
>
> . . .
>
> For you to find the defendant guilty of either counts [sic] of this offense, the State of North Carolina must prove to you beyond a reasonable doubt two things:
>
> First, that on or about September 21, 2006 in the Superior Court of Scotland County the defendant was convicted of a felony that was committed on November 1, 2005 in violation

of the laws of the State of North Carolina.

And, second, that thereafter the defendant did possess a firearm.

The jury was permitted to consider the ACIS print-out as evidence. The jury did so, and found defendant guilty. We hold that it was not error for the trial court to allow the submission of this evidence to the jury. This evidence constituted substantial evidence of an element of the offense of possession of a firearm by a felon, and accordingly the trial court did not err in denying defendant's motion to dismiss.

Defendant further contends that, if his trial counsel failed to properly preserve his challenge to the denial of the motion to dismiss, such conduct constitutes ineffective assistance of counsel. As we have held, the trial court properly admitted the ACIS print-out. Thus, any motion to dismiss would have been denied. Because there was evidence sufficient to support submitting this charge to the jury, defendant cannot show the prejudice necessary to maintain a claim of ineffective assistance of counsel. *See State v. Braswell*, *State v. Braswell*, 312 N.C. 553, 566, 324 S.E.2d 241, 250 (1985) (holding that, where "counsel's conduct did not affect the outcome of the trial[,]" defendant could not show

prejudice, and "was not denied effective assistance of counsel").

This argument is without merit.

## V. Separate Indictment for Possession of Firearm by a Felon

In his fourth argument, defendant contends that the trial court lacked jurisdiction over the charge of possession of a firearm by a felon in case 11 CRS 50366, since that charge was not listed in a separate indictment. We agree.

## A. Standard of Review

"An attack on an indictment is waived when its validity is not challenged in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000). "However, where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *Id.*

## B. Analysis

Defendant was charged with two counts of possession of firearm by a felon. One of these counts was set forth in a separate indictment, but the other was shown as a count in the indictment for robbery with a dangerous weapon pertaining to the L&D Quick Mart. Defendant contends that this rendered the

indictment for the second possession of a firearm by a felon charge fatally flawed.

N.C. Gen. Stat. § 14-415.1 provides that "The indictment charging the defendant under the terms of this section shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under this section." N.C. Gen. Stat. § 14-415.1(c) (2013). We recently held in *State v. Wilkins*, ___ N.C. App. ___, 737 S.E.2d 791 (2013), that this statutory provision requires that "a charge of Possession of a Firearm by a Felon be brought in a separate indictment from charges related to it[.]" *Wilkins*, ___ N.C. App. at ___, 737 S.E.2d at 794. In *Wilkins*, defendant was charged with both assault with a deadly weapon and possession of a firearm by a felon in the same bill of indictment. We held that this rendered the possession of a firearm by a felon indictment fatally defective. *Id*.

In the instant case, we hold that including both the possession of a firearm by a felon and robbery with a dangerous weapon charges in the same bill of indictment renders the charge of possession of a firearm by a felon fatally defective. Because of this fatal defect, the trial court did not have subject matter jurisdiction over the second charge of possession

of a firearm by a felon, and erred in entering judgment with respect to that charge. We vacate defendant's conviction for possession of a firearm by a felon in case 11 CRS 50366, and remand the consolidated judgment in cases 11 CRS 50365 and 11 CRS 50366 to the Superior Court of Columbus County for resentencing. *See State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987) (remanding a consolidated judgment for resentencing where one of the charges was vacated).

## V. Conclusion

The trial court did not commit plain error in admitting the recording of defendant's unredacted statement into evidence. The trial court did not err in denying defendant's motion to dismiss the charge of robbery with a dangerous weapon at Sam's Pit Stop, since the State presented substantial evidence that defendant was the perpetrator. Defendant's first claim of ineffective assistance of counsel is dismissed without prejudice; his second is without merit. We hold that the trial court did not err with regard to the possession of a firearm by a felon charge shown on a separate bill of indictment. The trial court lacked jurisdiction over the possession of a firearm by a felon charge that was combined with the charge relating to

the robbery at the L&D Quick Mart, so we vacate that conviction and remand for resentencing.

NO ERROR IN PART, DISMISSED IN PART, VACATED IN PART.

Judges McGEE and ERVIN concur.

Report per Rule 30(e).